IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID E. WADE,**

    **Plaintiff,**

  v.

    Case No. 2:21-cv-305
    **JUDGE EDMUND A. SARGUS, JR.**
    **Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY, OHIO,** *et at.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Nova Security Group, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF No. 13, hereinafter "Def.'s Mot."). Plaintiff filed a response in opposition (ECF No. 16, hereinafter "Pl.'s Resp."), and Defendant replied (ECF No. 24, hereinafter "Def.'s Reply"). For the following reasons, Nova's motion is **GRANTED in part and DENIED in part**.

### I. BACKGROUND

According to the Complaint, on October 22, 2019, Plaintiff was in the custody of the Franklin County Sheriff's Office and was representing himself at his criminal trial. (Compl. ¶¶ 9–10, ECF No. 1.) Pursuant to a court order, Plaintiff was required to wear a Nova R.A.C.C. stun belt (the "Stun Belt") during the trial. (*Id.* ¶ 11.) The Stun Belt was placed around Plaintiff's torso and controlled by a remote-control device in the possession of Franklin County Sheriff's Deputy Nicholas Bates ("Deputy Bates"). (*Id.* ¶¶ 29–30.)

During a recess in the trial, while the Stun Belt was still attached to Plaintiff, Deputy Bates took the remote control with him to the restroom, where it was dropped into a toilet. (*Id.* ¶¶ 32,

1

34–35.) While trying to retrieve the remote control from the toilet, the Stun Belt allegedly activated, shocking Plaintiff continuously for three minutes. (*Id.* ¶ 41.) Plaintiff alleges that the Stun Belt could not be deactivated and had to be cut off of him with a knife. (*Id.* ¶¶ 43–45.)

On January 22, 2021, Plaintiff filed his complaint asserting two causes of action against Nova: (1) a negligent design and manufacture claim; and (2) a permanent injunction seeking to enjoin Nova from selling the Stun Belt and similar products. Plaintiff also seeks punitive damages. (*Id*. ¶¶ 90–98.) Nova filed a motion to dismiss Plaintiff's claims against it. (ECF No. 13.) The motion is ripe for review.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining this, a court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin., Corp.*, 281 F.3d 613, 619 (6th Cir. 2007). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it][is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 677–79 (quoting *Twombly*, 550 U.S. at 556) (internal quotations omitted).

## III. ANALYSIS

Defendant Nova argues that: (1) Plaintiff's negligent design and manufacture claims are abrogated by the Ohio Products Liability Act; (2) Plaintiff fails to state a claim of negligent design and manufacture for which relief may be granted; (3) Plaintiff fails to allege facts that entitle him

to punitive damages; and (4) Plaintiff is not entitled to a permanent injunction because he has an adequate remedy at law and a permanent injunction would violate the Commerce Clause.

### A. Negligent Design and Manufacture Claims

Product liability claims in Ohio are governed by the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code § 2307.71, *et seq*. *See Rees v. W.M. Barr & Co.*, 736 F. App'x 119, 127 (6th Cir. 2018). Since April 7, 2005, common-law product liability claims are abrogated by the OPLA. *Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (the 2005 amendment OPLA expressly abrogated common law claims).

Nova argues that Plaintiff did not bring his negligent design and manufacture claim under the OPLA and thus his claims are common-law negligence claims that are abrogated by the OPLA. (Def.'s Mot. at 8.) Plaintiff concedes that his claims are properly brought under the OPLA but argues that he did not have to cite to the OPLA in his Complaint to survive a motion to dismiss. (Pl.'s Opp. at 11.)

The law supports Nova's position. Claims that are authorized by the OPLA should be pled with reference to the applicable provision of the OPLA. *Delahunt v. Cytodyne Techs.*, 241 F.Supp.2d 827, 844 (S.D. Ohio 2003) (citing *White v. DePuy, Inc.*, 129 Ohio App.3d 472, 478 n. 2, 718 N.E.2d 450 (1998)). In similar situations, this Court has dismissed plaintiffs' negligent design or manufacture claims that did not cite to OPLA and granted the plaintiffs leave to file an amended complaint to specific that the claims are raised under the OPLA. *See, e.g.*, *Stratford v. SmithKline Beecham Corp.*, No. 2:07-CV-639, 2008 WL 2491965, at *5 (S.D. Ohio June 17, 2008) (finding the plaintiff's claim for common law negligence was preempted by the OPLA and dismissing the claim without prejudice to allow the plaintiff to plead his claims under the OPLA); *Gordon v. B. Braun Med. Inc.*, No. 1:19-cv-121, 2020 WL 1491378, at *9, *13–14 (S.D.

Ohio Mar. 27, 2020)) (finding Plaintiff's common law claims for breach of an express warranty abrogated by the OPLA and allowing Plaintiff to amend her complaint to reassert her claim under the OPLA); *Deacon v. Apotex, Corp.*, No. 3:07-CV-0322, 2008 WL 2844652, at * 4–5 (S.D. Ohio July 22, 2008).

Therefore, the Court **DENIES** Nova's motion to dismiss Plaintiff's negligence manufacture and design claims **and GRANTS Plaintiff's request to amend** his Complaint to bring the claims under the OPLA. *See* Fed. R. Civ. P. 15(a)(2) (leave to amend is granted freely "as justice so requires").

### B. Punitive Damages

For the same reason, Plaintiff's request for punitive damages is also abrogated by the OPLA, as the OPLA has its own statutory provision for punitive damages found in O.R.C. § 2307.80. O.R.C. § 2307.72(A)-(B) ("Any recovery of punitive or exemplary damages in connection with a product liability claim is subject to sections 2307.71 to 2307.80 of the Revised Code."); *see McKee v. Globus Med., Inc.*, No. 1:13-cv-2764, 2014 WL 3785384, at *2 (N.D. Ohio July 31, 2014) (abrogating punitive damages claim brought under Ohio common law); *Everhart v. TM Claims Serv., Inc.*, 735 F.Supp.2d. 785, 797 (N.D. Ohio 2010) (finding that because the plaintiff's claims "must be brought under the OPLA, if he wishes to pursue punitive damages, he needs to do so under the standard for punitive damages outlined in O.R.C. 2307.80. [Plaintiff;s punitive damages request], therefore, is abrogated by the OPLA."). The Court **DENIES** Nova's motion to dismiss Plaintiff's claim for punitive damages, **and GRANTS Plaintiff's request to amend** his Complaint to request punitive damages under the OPLA.

4

### C. Permanent Injunction

Plaintiff seeks a permanent injunction "to permanently enjoin Less Lethal and Nova from selling and/or distributing the Stun Belt and other products like it" because "the Stun Belt is an inherently dangerous product." (Compl. ¶ 98.) Defendant argues in its motion to dismiss that Plaintiff is not entitled to a permanent injunction because he has an adequate remedy at law and will not suffer irreparable harm. (Def.'s Mot. at 11.) This Court agrees.

Rule 65 of the Federal Rules of Civil Procedure provides for injunctive relief when a party believes it will suffer immediate and irreparable injury, loss, or damage and there is "no adequate remedy at law." *EBSCO Industries, Inc. v. Lay*, 840 F.2d 333, 335 (6th Cir. 1998). A preliminary injunction "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to issue a preliminary injunction, the Court must balance four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id*. (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). These four considerations are balancing factors, not prerequisites that must be met. *Id*. (citing *United Food & Com. Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998)).

Plaintiff is not entitled to a permanent injunction against Nova because he has an adequate remedy at law and will not suffer immediate, irreparable harm. Plaintiff's remedy at law is an award of monetary damages if he prevails on his claim. Further, he does not allege any facts

showing that he will suffer any harm from Nova continuing to sell and distribute the Stun Belt. Therefore, Nova's motion to dismiss Plaintiff's Count Five of the Complaint for a permanent injunction is **GRANTED**.

## III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Nova's motion to dismiss Plaintiff's claim for a permanent injunction, **DENIES** Nova's motion to dismiss Plaintiff's claims for negligent manufacture and design and punitive damages, and **GRANTS** Plaintiff's request for leave to re-plead his claims under the OPLA. Plaintiff is ordered to file an Amended Complaint within ten days of this Order.

**IT IS SO ORDERED.**


**1/17/2022**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**