UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID E. WADE,

        Plaintiff,

  v.                                      Civil Action 2:21-cv-305
                                            Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Chelsey M. Vascura

FRANKLIN COUNTY, OHIO, *et al.*,

        Defendants.

**OPINION AND ORDER**

    Plaintiff, David E. Wade, brings this action asserting state and federal claims against Defendants arising out of injuries he sustained as a result of a malfunctioning stun belt. (Am. Compl., ECF No. 57.) This matter is before the Court on Plaintiff's Motion for Leave to Amend, in which Plaintiff seeks to file a Second Amended Complaint asserting additional claims against Defendants Franklin County, Ohio, and the Franklin County Sheriff's Office. (ECF No. 103.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

                **I.**      **BACKGROUND**

    Plaintiff, David Wade, was a criminal defendant who represented himself at trial in the Court of Common Pleas for Franklin County, Ohio. As a condition of his self-representation, Plaintiff was required to wear a Nova R.A.C.C. stun belt during the trial. Plaintiff alleges that, during a recess of the trial, Franklin County Sheriff's Deputy Nicholas Bates took the stun belt remote control out of the courtroom, into a restroom, and dropped the control into a toilet, after

which the stun belt locked to Mr. Wade and shot 50,000 volts of electricity through his body for three uninterrupted minutes. (Am. Compl. ¶¶ 9–13, ECF No. 57.)

Plaintiff commenced this action on January 22, 2021, against Defendants Franklin County, Ohio, the Franklin County Sheriff's Office, and Deputy Nicholas Bates, as well as Less Lethal, LLC, and Nova Security Group, Inc., who manufactured and/or distributed the stun belt. (Compl., ECF No. 1.) The undersigned entered a Preliminary Pretrial Order on May 6, 2021, which set the deadline for motions to amend the pleadings on October 1, 2021. (ECF No. 25.) The discovery and dispositive motions deadlines were originally set at February 28, 2022, and April 5, 2022, respectively, but were ultimately extended to October 10, 2022, and November 18, 2022, respectively. (ECF No. 83.) As part of the Court's January 17, 2022 Opinion and Order granting in part Defendant Nova Security's Motion to Dismiss, Plaintiff was ordered to file an amended complaint clarifying that Plaintiff's claims against Nova Security for negligent design and manufacture are brought under the Ohio Products Liability Act. (ECF No. 54.) The January 17, 2022 Opinion and Order did not otherwise alter the October 1, 2021 deadline for motions to amend the pleadings. (*Id.*) Plaintiff filed his Amended Complaint pursuant to the January 17, 2022 Opinion and Order on January 28, 2022. (ECF No. 57.)

On September 2, 2022, eleven months after the deadline for motions to amend the pleadings, Plaintiff filed the subject Motion for Leave to Amend. (ECF No. 103.) Plaintiff's proposed Second Amended Complaint ("SAC") would add additional claims for negligence against Franklin County, Ohio, and the Franklin County Sheriff's Office, and would "also add[ ] facts developed through discovery that are material to his claims against Franklin County and FCSO, as well as those entities' existing affirmative defense alleging immunity." (Pl.'s Mot. 2, ECF No. 103.) Plaintiff asserts these facts "were recently obtained through subpoenas and an

August 16, 2022 deposition of Defendant Deputy Bates." (*Id.* at 5.) Defendants Franklin County, Ohio, the Franklin County Sheriff's Office, and Deputy Bates (the "Franklin County Defendants") oppose Plaintiff's Motion, asserting that Plaintiff did not act diligently in seeking amendment, that Deputy Bates' deposition testimony does not support the amendments Plaintiff seeks, that Defendants will be prejudiced by amendment at this stage of the litigation, and that Plaintiff's proposed amendments are futile. (Franklin County Defs.' Mem. in Opp'n, ECF No. 104.)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

3

"The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.   ANALYSIS

Plaintiff has failed to establish good cause to modify the case schedule. Namely, Plaintiff has not explained why the proposed amendments could not have been sought prior to the deadline for motions to amend the pleadings. Plaintiff's Motion alludes to facts that "were recently obtained through subpoenas" (Pl.'s Mot. 2, ECF No. 103), but fails to further identify those facts or to whom the relevant subpoenas were directed. Plaintiff's Motion further relies on facts obtained during Deputy Bates's August 16, 2022 deposition (*id.*), but fails to explain why Plaintiff waited fifteen months into the discovery period to depose Deputy Bates, an obvious key fact witness. Notably, the Franklin County Defendants point out that their initial disclosures, document production, and responses to Plaintiff's written discovery requests were all served on Plaintiff by September 20, 2021—in advance of the October 1, 2021 deadline for motions to amend the pleadings—and yet, even though Plaintiff never raised any deficiencies with the

Franklin County Defendants' discovery responses, Plaintiff waited nearly a year after written discovery was complete to seek Deputy Bates's deposition. Nor has Plaintiff deposed any other Franklin County witness. (Franklin County Defs.' Mem. in Opp'n 4–5, ECF No. 104.)

On reply, Plaintiff asserts that he could not have filed a motion to amend his complaint prior to the October 1, 2021 deadline because Defendant Nova Security's Motion to Dismiss was still pending and he was without the benefit of discovery. (Pl.'s Reply 4, ECF No. 107.) However, Plaintiff does not explain how either of these facts would have prevented his moving to amend the complaint. A pending motion to dismiss does not preclude a motion to amend the pleadings, and Plaintiff agreed to a case schedule that placed the deadline for motions to amend the pleadings five months prior to the discovery deadline, such that he was always required to seek any amendment of the pleadings well in advance of the close of discovery. (*See* Rule 26(f) Report, ECF No. 23.) Plaintiff further relies on previous agreed amendments to the discovery and dispositive motions deadline to establish good cause for his present request to the deadline for motions to amend the pleadings. (Pl.'s Reply 5, ECF No. 107.) However, those previous amendments to the case schedule only demonstrate that Plaintiff had multiple opportunities to seek a corresponding extension for the deadline for motions to amend the pleadings and failed to do so. Nor has Plaintiff explained how previous discovery delays associated with Defendants Less Lethal's and Nova Security's discovery responses justify Plaintiff's delay in deposing Deputy Bates. Plaintiff also points out that Defendants also did not depose Plaintiff until August 2022 (*id.* at 6); but Defendants' diligence or lack thereof is irrelevant to whether Plaintiff acted diligently in seeking Deputy Bates's deposition. Finally, Plaintiff's reliance on the closure of pleadings in March 2022, and the trial date scheduled for July 2023 (*id.*), is misplaced. Plaintiff again fails to explain how the timing of either of these events prevented him from diligently

5

seeking the deposition of Deputy Bates and discovering the facts he relies on to justify amendment.

On these facts, the undersigned cannot conclude that Plaintiff could not have met the original October 1, 2021 deadline for motions to amend the pleadings with the exercise of diligence. *See Stanich v. Hissong Grp., Inc.*, No. 2:09-CV-143, 2011 WL 1560650, at *3–4 (S.D. Ohio Apr. 25, 2011) ("The focus of the diligence issue under Rule 16(b) is not how quickly counsel moved to amend once he became aware of this information. Rather, . . . the focus of the issue is whether the information could have been discovered by the defendants, with any diligence, prior to the scheduling deadline."); *Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) ("But the test is not whether Plaintiff *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline.").

The Court must also consider possible prejudice to Defendants as a result of extending the pleading amendment deadline. The parties dispute whether Plaintiff's proposed amendment would require additional discovery. If additional discovery were needed, the timing of Plaintiff's Motion—filed such that briefing would not close until one business day prior to the October 11, 2022 discovery deadline—would create prejudice to Defendants. *See*, *e.g.*, *Leary*, 349 F.3d at 892 ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."); *Sterling Jewelers Inc. v. Alex & Ani, LLC*, No. 5:17-CV-2540, 2019 WL 95842, at *3 (N.D. Ohio Jan. 3, 2019) ("Given that the periods for non-expert and expert discovery have expired, and the January 15, 2019 dispositive motion deadline is fast approaching, any extension of the discovery periods would have the

6

cascading effect of jeopardizing the Court's remaining dates and deadlines."). However, even if Defendants would not be prejudiced by the amendment, the undersigned concludes that Plaintiff's lack of diligence carries the day. As the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625, lack of diligence by the movant should ordinarily carry more weight than lack of prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up). Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED**.[1]

### IV. DISPOSITION

For the foregoing reasons, the Court finds that Plaintiff has failed to demonstrate that good cause exists to modify the case schedule. Plaintiff's Motion for Leave to Amend (ECF No. 103) is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the undersigned denies Plaintiff's Motion for Leave to Amend for lack of diligence under Rule 16(b), the undersigned need not consider the parties' arguments under Rule 15 concerning futility. Further, although much of the parties' briefing is devoted to the substance of Deputy Bates' deposition testimony on which Plaintiff relies for the need to extend the discovery period, the Court need not consider this testimony in light of Plaintiff's lack of diligence under Rule 16(b).