UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID E. WADE,

      Plaintiff,

v.                                          Civil Action 2:21-cv-305
                                                Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Chelsey M. Vascura

FRANKLIN COUNTY, OHIO, *et al.*,

      Defendants.

**OPINION AND ORDER**

      Plaintiff, David E. Wade, brings this action asserting state and federal claims against Defendants arising out of injuries he sustained as a result of a malfunctioning stun belt. (Am. Compl., ECF No. 57.) This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 149) and various proposals by the parties for entry of a new case schedule (ECF Nos. 160–63.) For the following reasons, Plaintiff's Motion (ECF No. 149) is **DENIED**, and the case schedule is **MODIFIED** as set forth below.

                                              **I.**       **BACKGROUND**

      The deadline for pleading amendments in this case expired on October 1, 2021. (ECF No. 25.) This is Plaintiff's third motion to amend or supplement his pleadings since that deadline expired. The first motion, seeking to add allegations of negligence and failure to train by Defendants Franklin County and the Franklin County Sherriff's Office, was denied for Plaintiff's failure to demonstrate diligence in seeking amendment. (October 12, 2022 Op. & Order, ECF No. 109.) The second, seeking to file a supplemental complaint for fraudulent transfer arising out

of recently discovered asset transfers between existing Defendant Nova Security Group, Inc., and then-non-party Risen Stun Dynamics, LLC, was granted on December 7, 2022. (Op. & Order, ECF No. 123.) The Court acknowledged that permitting Plaintiff to assert these new claims would "require re-opening fact discovery" and directed the parties to file a joint proposed case schedule once Nova, Risen Stun, Defendant Less Lethal, LLC, responded to the Supplemental Complaint. (*Id.* at 5–7.) The December 7, 2022 Order did not vacate any existing case schedule deadlines, but on December 29, 2022, the Court vacated existing expert discovery deadlines at the parties' request. (ECF No. 136.) To date, no further amendments to the case schedule have been entered.

Nova, Risen Stun, and Less Lethal all timely answered the Supplemental Complaint. (ECF Nos. 128–29, 148.) Additionally, Defendants Franklin County, Ohio, the Franklin County Sherriff's Office ("FCSO"), and Deputy Nicholas Bates (collectively, the "Franklin County Defendants") all filed answers to the Supplemental Complaint, even though the Supplemental Complaint made no allegations and asserted no claims against the Franklin County Defendants. (ECF Nos. 130–32.) The Franklin County Defendants' answers to the Supplemental Complaint also included crossclaims against Nova, Risen Stun, and Less Lethal. (*Id.*) The Franklin County Defendants had previously asserted crossclaims against Nova and Less Lethal (ECF No. 64–66), but these new crossclaims also included allegations and claims against newly-added Defendant Risen Stun. The new crossclaims also included additional allegations related to Plaintiff's claims that were absent from the Franklin County Defendants' previous pleadings. (*See*, *e.g.*, FCSO's Crossclaim, ECF No. 131, ¶¶ 22–24, 26–27) (alleging that Nova and/or Less Lethal provided training to FCSO's personnel, and that Deputy Bates was authorized to use the stun belt at issue).

Plaintiff filed the subject Motion on February 15, 2023, seeking again to add allegations regarding negligence and failure to train by the Franklin County Defendants. (ECF No. 65.) Plaintiff argues that amendment should be permitted because (1) the December 7, 2022 Order vacated all existing case schedule deadlines, and therefore there is no deadline for pleading amendments currently in effect; (2) Plaintiff only recently received documents from the Franklin County Defendants that support his new allegations; and (3) the Franklin County Defendants will not be prejudiced because the discovery period already must be extended due to Plaintiff's Supplemental Complaint. (*Id.*) The Franklin County Defendants and Risen Stun oppose Plaintiff's Motion. (ECF Nos. 154–55.)

Finally, the parties have been unable to agree on a proposed case schedule and have filed various competing proposals. (ECF Nos. 160–63.)

## II. STANDARDS GOVERNING PLEADING AMENDMENTS

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing

3

party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits") (internal quotations omitted). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

As an initial matter, the December 7, 2022 Order did not vacate any existing case deadlines or establish new ones. Plaintiff must therefore satisfy the good cause standard of Rule 16. Plaintiff has not done so. The recently received documents on which Plaintiff relies for his proposed amendments were recently received only because Plaintiff waited until shortly before the October 10, 2022 discovery deadline to seek those documents from Defendants. As explained by the Court in a previous Order denying Plaintiff's motion to extend or expand the discovery

4

period, "Plaintiff therefore failed to comply with the undersigned's Preliminary Pretrial Order, which provides that 'the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.'" (Nov. 23, 2022 Order, ECF No. 120) (quoting Prelim. Pretrial Order 2–3, ECF No. 25). Plaintiff cannot rely on untimely-served discovery requests to establish his diligence.

The Court must also consider possible prejudice to Defendants as a result of extending the pleading amendment deadline. The parties dispute whether Plaintiff's proposed amendment would require additional discovery. If additional discovery were needed, this would create prejudice to Defendants given that discovery on these claims was already open for nearly two years and has since closed. *See, e.g., Leary*, 349 F.3d at 892 ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."). However, even if Defendants would not be prejudiced by the amendment, the undersigned concludes that Plaintiff's lack of diligence carries the day. As the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625, lack of diligence by the movant should ordinarily carry more weight than lack of prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up). Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED**.[1]

---

[1] Because the undersigned denies Plaintiff's Motion for lack of diligence under Rule 16(b), the undersigned need not consider Risen Stun's arguments concerning the merits of Plaintiff's proposed amendments.

Plaintiff does raise one meritorious point: The Franklin County Defendants, when unnecessarily responding to Plaintiff's Supplemental Complaint, amended their existing counterclaims without leave of Court or the written consent of all parties are required by Federal Rule of Civil Procedure 15(a)(2). Accordingly, the Court **STRIKES** the Franklin County Defendants' Answers to Plaintiff's Supplemental Complaint and Amended Crossclaims (ECF Nos. 130–32).

Finally, the undersigned considers the parties' various proposals for extending the case schedule in light of Plaintiff's Supplemental Complaint. Although additional discovery is necessary in light of Plaintiff's new fraudulent transfer claims and the addition of Risen Stun as a Defendant, there are no grounds for reopening fact discovery or the pleadings as to the previously existing claims and crossclaims. Accordingly, the case schedule is extended as follows:

- Rule 26(a)(1) Initial Disclosures, limited to the claims in Plaintiff's Supplemental Complaint (ECF No. 124), must be served no later than **March 30, 2023**;

- Expert disclosures, as to all claims and crossclaims, will be due in accordance with Federal Rule of Civil Procedure 26(a)(2)(D);

- Fact discovery, limited to the claims in Plaintiff's Supplemental Complaint (ECF No. 124) and the depositions outlined in the Court's October 13, 2022 Order (ECF No. 111), must be completed by **June 30, 2023**;

- Any dispositive motions, as to all claims and crossclaims, must be filed by **August 1, 2023**; and

- The final pretrial conference and trial date will be re-set by separate order.

## IV.   DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 149) is **DENIED**. Further, the Court **STRIKES** the Franklin County

Defendants' Answers to Plaintiff's Supplemental Complaint and Amended Crossclaims (ECF Nos. 130–32). Finally, the case schedule is **MODIFIED** as outlined above.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
