**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID E. WADE**

           **Plaintiff,**                      **Case No. 2:21-cv-305**
                                                  **Judge Edmund A. Sargus, Jr.**

      **v.**                               **Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY,
OHIO, *et al.*,**

           **Defendants.**

## <u>ORDER</u>

This matter before the Court is on Plaintiff David E. Wade's Motion for Reconsideration. (Pl. Mot., ECF No. 204.)  For the following reasons, Wade's Motion for Reconsideration is **DENIED.**

## BACKGROUND

Wade filed an action alleging federal claims under 42 U.S.C. § 1983 and state law claims for 'assault and battery' and negligence against Franklin County, Ohio, Franklin County Sheriff, and Deputy Nicholas Bates ("Defendants").

In summary, while Wade was in court and in custody, he was restrained with a stun belt that could be activated by a transmitter held by Defendant Deputy Bates.  Wade was in the courtroom when Bates was in the bathroom, and Bates dropped the transmitter in the toilet.  Bates then walked to the courtroom to determine whether Wade had been shocked, observed that Wade had not been shocked by the stun belt, and returned to the restroom without turning the belt off or removing it from Wade.  Bates removed the transmitter from the toilet approximately two minutes after dropping it.  At the third minute, the belt activated and electrocuted Wade for between two and three minutes before law enforcement could remove it.  (Pl. Mot. for Partial Summary

1

Judgment, ECF No. 185, at PageID # 3342–45 (citing Deposition of Defendant Bates, ECF No. 105-1, 104:6–112:3, 113:21–123:3).) The facts of this case are set forth more fully in the Court's Opinion and Order on Summary Judgment. (ECF No. 202.)

Defendants moved for summary judgment on all of Wade's claims, and Wade moved for summary judgment on his negligence claim. On September 28, 2023, the Court granted Defendants' motion for summary judgment on Wade's federal claims, declined to exercise supplemental jurisdiction over Wade's state law claims, and denied as moot Wade's motion for summary judgment. (ECF No. 202.) Wade then filed the present Motion to Alter or Amend Judgment, and/or for Reconsideration. (Pl. Mot., ECF No. 204.)

## STANDARD OF REVIEW

Motions for reconsideration can generally be warranted under three circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error to prevent manifest injustice. *Zobel v. Contech Enters.*, No. 2:14-CV-2721, 2017 WL 1064731, at *1 (S.D. Ohio Mar. 21, 2017). These motions are looked at with disfavor and are granted sparingly, typically only when the prior decision appears clearly to be legally or factually erroneous. *Id.*; *see also Bethel v. Warden Chillicothe Corr. Inst.*, No. 2:20-cv-5275, 2023 U.S. Dist. LEXIS 32669, at *4 (S.D. Ohio Feb. 27, 2023). This is to prevent the filing of endless motions for reconsideration and for the judicial interest in finality. *Id.*; *see also Libertarian Party v. Wilhem*, 465 F. Supp. 3d 780, 785 (S.D. Ohio 2020). Therefore, a motion for reconsideration is inappropriate if the plaintiff is merely trying "to relitigate issues previously considered and rejected, or to submit evidence [that] could have been submitted earlier." *Zobel*, 2017 WL 1064731, at *1 (internal citations omitted).

## ANALYSIS

Wade raises two primary issues in his motion for reconsideration. First, Wade argues that Defendants' motion for summary judgment could only have been granted in part, requesting that the Court clarify as much in the record. (Pl. Mot., at PageID # 4176.) Second, Wade argues that the Court relied upon "clear errors of fact" presented in the Defendants' reply brief on summary judgment and then committed errors of law. This reliance, according to Wade, constitutes manifest injustice and warrants reconsideration. (*Id.* at PageID # 4176–79, 4186–90.)

Upon consideration of Wade's arguments, the Court determines that reconsideration is not warranted and **DENIES** Wade's motion.

## I.      Summary Judgment Granted in Part

Wade claims the Court erred by not granting the motion for summary judgment in part. The Court first dismissed Wade's federal claims, then dismissed his state claims without prejudice because the Court declined to exercise supplemental jurisdiction. (ECF No. 202, at PageID # 4171.) Wade asks that the Court correct the record to clarify that Defendants' motion was granted *in part*, with all state tort claims dismissed without prejudice. (Pl. Mot., at PageID # 4176.)

When the Court declined to exercise supplemental jurisdiction over Wade's state law claims, the Court's Order inherently granted Defendants' motion only in part. *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well."). Since the Court properly applied 28 U.S.C. § 1367(c)(3), there has been no clear error that results in a manifest injustice. *See McClarin v. Savannah*, No. 1:06-cv-1230, 2007 U.S. Dist. LEXIS 105897, at *8–9 (W.D. Tenn. Apr. 25, 2007) (a motion to alter or amend was denied when Plaintiff's 42 U.S.C. § 1983 claims were dismissed, and supplemental jurisdiction was denied over state claims for battery and

negligence). However, to assure Wade that his state law claims were not dismissed with prejudice, the Court clarifies that it granted Defendants' motion for summary judgment in part and not in whole.

## II. Manifest Injustice

Wade claims that manifest injustice exists because the Court relied upon "clear errors of fact" presented in Defendants' reply brief and the Court misapplied the law in its Opinion and Order on summary judgment.

Manifest injustice exists if there is a fundamental flaw in the court's decision that, without correction, would lead to a result that is both inequitable and contrary to applicable policy. *United States v. Hoepf*, No. 2:20-cv-93, 2022 U.S. Dist. LEXIS 124054, at *2 (S.D. Ohio June 29, 2022) (citing *Waldron v. Wal-Mart, Inc*., No. 2:20-cv-6272, 2021 U.S. Dist. LEXIS 228915, at *6 (S.D. Ohio Nov. 30, 2021)) (quotation and citation omitted). This "fundamental flaw" results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Chantha Yun*, 2005-Ohio-1523, ¶ 9 (Ct. App.). To reach the high standard for a court's decision to be considered a manifest injustice, a court's decision must have been based on a clear error of law, such as a wholesale disregard, misapplication of, or failure to recognize controlling precedent. *Cox v. United States*, No. 4:23 CV 1329, 2023 WL 7525167, at *1 (N.D. Ohio Nov. 14, 2023).

Here, Wade argues that reconsideration is warranted because (A) the Court relied on Defendants' misrepresentation of facts; and (B) the Court misapplied the law. However, the facts that Wade takes issue with would not change the Court's analysis and the application of the law would result in the same conclusion: Defendant Bates's determination that there was no substantial risk was subjectively and objectively reasonable. Therefore, a manifest injustice has not occurred and reconsideration is not warranted.

4

## A.    Wade's Arguments Regarding Alleged Factual Errors

The Court's consideration of what Wade claims to be materially disputed facts does not result in manifest injustice. A court's misinterpretation of key facts is not sufficient to establish manifest injustice, as the Court of Appeals is the proper venue for such arguments. *See Nayyar v. Mt. Carmel Health Sys.*, No. 2:10-CV-135, 2014 WL 619394, at *4 (S.D. Ohio Feb. 18, 2014). Here, Wade disputes many factual assertions that he claims Defendants misrepresented in a reply brief. Wade argues that Defendants' misrepresentations led the Court to grant Defendants' summary judgment motion. Primarily, Wade points to two sets of facts—Stun Belt training materials and Defendant Bates' testimony—that Defendants allegedly mischaracterized. (Pl. Mot., at PageID # 4180.)

The Court did refer to training materials in its Opinion and Order on Summary Judgment. (ECF No. 202.) The Opinion and Order reads:

> Further, while the training materials caution against getting the device wet, they do not caution against the belt activating from a transmitter contact water. The warning in the training material suggests that if the device gets wet, the operator might be harmed or that the device itself may be damaged or become inoperable, not that the device will spontaneously activate.

(*Id.* at PageID # 4170.)

Wade points out that the portion of the training materials Defendants cited in their reply brief and the Court referenced in its Opinion and Order were not for the Nova RACC Stun Belt but were from a warning for a stun gun called the Nova Spirit—a device not at issue in this case. (Pl. Mot., at PageID # 4180–81.) In the stun gun training material's stead, Wade provides the warning materials for the stun belt which instructs "[d]o NOT use if the transmitter has been/is submerged. Device will be damaged." (*Id.* (citing Bates Dep. Ex. 11, ECF No. 105-9, at PageID # 1663, 1678).)

5

Wade's clarification of training materials does not change the Court's analysis. Wade misunderstands the Court's engagement in a discussion about the training materials. The Court discussed the training materials to effectively point out that the training materials did not show that a reasonable officer would have reasonably suspected there was a substantial risk that the belt would activate if the transmitter was submerged in water, particularly after Defendant Bates had already confirmed that the stun belt did not activate after the immediate exposure to water. Since the proper training materials still do not affirmatively provide facts for a jury to conclude that a reasonable officer would have understood that there was a substantial risk for the stun belt to go off after the transmitter had been submerged in water, there is no manifest injustice.

Wade also contends that Defendants misrepresented Defendant Bates's testimony. Wade contends that Defendant Bates did not testify that he believed all danger had passed. (Pl. Mot., at PageID # 4182.) To contest the characterization that Defendant Bates believed all danger had passed, Wade points to Defendant Bates's testimony that he had "relaxed a little bit" after seeing Wade had not been shocked and, that because Wade had not been shocked, Bates "felt a little bit safer." (*Id*. at PageID # 4182-83 (citing (Bates Dep. 105:6-106:1, ECF No. 105-1, at PageID # 1351).) Further, Wade points to Defendant Bates's statement that he was "hoping that it was not going to play out the way that it did," that he "remained nervous," and was joking to deal with a "stressful situation." (*Id*. at PageID # 4183–84.)

Wade's arguments regarding Defendant Bates's testimony does not demonstrate that manifest injustice. Even if there is a dispute of fact between the parties about Bates's beliefs regarding the level of danger that remained after Bates checked on Wade shortly after dropping the transmitter, the dispute is not a material one that would change the Court's analysis. Since Bates's statements would not change the Court's application of the law, this is merely an attempt

to relitigate issues that the Court has previously considered and rejected. *Zobel*, 2017 WL 1064731, at *1. The proper forum to make such arguments is the Court of Appeals. *Nayyar*, 2014 WL 619394, at *4 (S.D. Ohio Feb. 18, 2014).

### B. Wade's Arguments Regarding Misapplication of Law

In addition to Wade's arguments regarding errors of fact, Wade argues that the Court misapplied the law. (ECF No. 204, at PageID # 4189–90.) To reach the high standard for a court's decision to be considered a manifest injustice, a court's decision must have been based on a clear error of law, such as by disregarding, misapplying, or failing to recognize controlling precedent. *Cox*, 2023 WL 7525167, at *1. Wade argues that the Court erred in its analysis of proximate cause and in its application of the *Westmoreland* factors. (Pl. Mot., at PageID # 4186–90.)

In reviewing the record, the Court concluded that there was no basis to suggest that Bates's indifference was the proximate cause of Wade's injury; however, the Court did not rely on the legal concept of proximate cause to reach its decision. Instead, the Court properly applied controlling precedent in *Westmoreland v. Butler County.* 29 F.4th 721 (6th Cir. 2022). After weighing the *Westmoreland* factors, the Court concluded:

> It is simply not unreasonable, let alone reckless, for Deputy Bates to determine that there was no substantial risk that the stun belt would spontaneously activate several minutes after the transmitter was exposed to water when it had not activated upon the initial exposure to submersion in water.

(ECF No. 202, at PageID # 4170.)

Wade took issue with Defendants' argument and the Court's recitation of the law, that the intentionality element is not that the defendant intended the harm, but only that the officer decided a detainee's conditions of confinement that eventually resulted in harm. (ECF No. 204, at PageID # 4190.) Wade's disagreement with the Court's application of *Westmoreland* is an attempt to relitigate issues previously considered and rejected, which is inappropriate for a motion to

reconsider.  *Zobel*, 2017 WL 1064731, at *1.  The Court of Appeals is the proper place for Wade to contest the legal conclusions made based on controlling precedent by this Court.

Wade's recitation of contested facts does not indicate that a reasonable officer would have believed that there was a substantial risk that the belt would spontaneously activate several minutes after the transmitter was exposed to water when it had not activated upon the initial submersion in water.  Since Wade failed to identify disputes of material facts that would allow a jury to rule in his favor, summary judgment was appropriately granted. Wade's Motion for Reconsideration is **DENIED.**

**CONCLUSION**

For the foregoing reasons, Wade's Motion for Reconsideration (ECF No. 204) is **DENIED**. This case remains closed.

**IT IS SO ORDERED.**


**6/25/2024**                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**